# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN T. DOSTER, | Case No. 1:15-cv-01415 DAD DLB (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO AMEND HIS COMPLAINT OR NOTIFY THE COURT OF WILLINGNESS TO PROCEED ONLY ON THE COGNIZALBE CLAIMS |
| v. | |
| BEARD, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Damien T. Doster ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 9, 2015. He names Jeffrey Beard, Warden Dave Davey, Associate Warden Vasquez, Yard Captain Llamas, Sgt. Leon, Ric Pavich, M. Lemoine, CDCR and Corcoran State Prison as Defendants.

**A. SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison, where the events at issue occurred.

Plaintiff alleges that he spent over 65 days in isolated confinement and unsanitary conditions. Plaintiff was transferred to Corcoran State Prison on March 5, 2015. He was initially

///

placed in a cell with running hot and cold water, but without soap or cleaning supplies for over one week.

On May 18, 2015, all of the running water was shut off, leaving Plaintiff without drinking water and forcing him to sleep and eat in overflow from inmates' toilets. Two days later, only the cold water was turned back on.

From May 18, 2015, through July 25, 2015, the hot and/or warm water was completely shut off. Sometimes the cold water would turn off, also, leaving Plaintiff without drinking water for over 24 hours and forcing him to sleep in overflow from other inmates' toilets. Plaintiff also did not have cleaning supplies or soap, so he could not clean the cell or himself.

He also contends that his underwear could not be cleaned properly without hot water. As a result, Plaintiff broke out in rashes, sores and bumps on his legs and back.

During this time, Plaintiff was in a solitary confinement and special handling unit, and was forced to stay in his cell for more than 95 hours at a time without exercise or fresh air.

On June 3, 2015, Defendants Vasquez and Leon were informed that Plaintiff's cell had no hot/warm running water, and that he had no cleaning supplies or soap. They told Plaintiff that the hot/warm water would be back on in a week or a few days, and to quit "crying and complaining." ECF No. 1, at 4.

This went on for over one month while Plaintiff's Requests for Interviews went unanswered.

On June 6, 2015, Plaintiff sent a Request for Interview to Defendant Llamas. He told Plaintiff that it was a maintenance issue and he could not correct it.

On July 1, 2015, Plaintiff resubmitted the Request for Interview to Defendant Pavich in the maintenance department. He returned the form on July 15, 2015, and indicated that he was working on it and would have the hot water running by July 30, 2015.

Finally, Plaintiff contends that Defendant Lemoine denied Plaintiff his right to be interviewed during the grievance process related to the issues above.

Based on these allegations, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. He requests monetary damages for relief.

**C.     DISCUSSION**

     1.     <u>Supervisory Liability</u>

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. <u>Crowley v. Bannister</u>, 734 F.3d 967, 977 (9th Cir. 2013); accord <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Crowley</u>, 734 F.3d at 977 (citing <u>Snow</u>, 681 F.3d at 989) (internal quotation marks omitted); accord <u>Lemire</u>, 726 F.3d at 1074-75; <u>Lacey</u>, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." <u>Crowley</u>, 734 F.3d at 977 (citing <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, although Plaintiff names Defendants Beard and Davey, he does not connect them directly to any alleged deprivations. Plaintiff attempts to assert liability against them based solely on their positions of responsibility, but there is no supervisory liability under section 1983.

Plaintiff therefore fails to state a claim against Defendants Beard and Davey.

     2.     <u>Defendants Corcoran State Prison and CDCR</u>

Plaintiff names CDCR and Corcoran State Prison as Defendants. Plaintiff is advised that he may not sustain an action against a state prison or state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. <u>Brooks v. Sulphur Springs Valley Elec. Co.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); <u>see also</u> <u>Seminole Tribe of Fla. v. Florida</u>, 116 S.Ct. 1114, 1122 (1996); <u>Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a Defendant. See <u>Natural Resources Defense Council v. California Dep't of</u>

1  Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040,
2  1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to
3  Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d
4  198, 201 (9th Cir. 1989).

5        Both CDCR and Corcoran State Prison are therefore entitled to immunity and Plaintiff
6  cannot state a claim against them.  This cannot be cured by amendment.

7        3.      Fourteenth Amendment
8           a.      *Grievance Procedure*

9        "The Fourteenth Amendment's Due Process Clause protects persons against deprivations
10 of life, liberty, or property; and those who seek to invoke its procedural protection must establish
11 that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384
12 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and
13 therefore, he cannot pursue a claim for denial of due process with respect to the handling or
14 resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
15 Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

16       Plaintiff contends that Defendant Lemoine deprived him of his right to an interview during
17 the grievance process.  However, as there is no due process right with respect to handling his
18 appeals, Plaintiff cannot state a claim against Defendant Lemoine.  This cannot be cured by
19 amendment.

20          b.      *Equal Protection*

21       The Equal Protection Clause requires that persons who are similarly situated be treated
22 alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249
23 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013);
24 Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891
25 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated
26 against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace,
27 705 F.3d at 1030.
28 ///

Plaintiff asserts a violation of the Equal Protection Clause, but he does not allege any facts to support such a claim. He does not allege that he was discriminated against in any way based on his membership in a protected class.

Plaintiff therefore fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

        4.        Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Here, Plaintiff alleges that he was held in a solitary cell without running hot/warm water, and sometimes without cold water (and therefore drinking water). He contends that he was denied cleaning supplies and soap, and was forced to sleep in overflow from other inmates' toilets. At the screening stage, Plaintiff's allegations are sufficient to state a claim against Defendants Vasquez, Llamas, Leon and Pavich based on their knowledge and disregard of the conditions Plaintiff complains of.

**D.**    **CONCLUSION**

Plaintiff's complaint states an Eighth Amendment claim against Defendants Vasquez, Llamas, Leon and Pavich. It does not state any other claims against any other Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes,

6

in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his cognizable Eighth Amendment claims against Defendants Vasquez, Llamas, Leon and Pavich, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Vasquez, Llamas, Leon and Pavich, and the remaining claims and Defendants will be dismissed.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Vasquez, Llamas, Leon and Pavich on his cognizable Eighth Amendment claim; and

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **January 26, 2016**                             /s/ *Dennis L. Beck*
                                                                            UNITED STATES MAGISTRATE JUDGE