1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DAMIEN T. DOSTER,                          1:15-cv-01415-DAD-GSA (PC)

12              Plaintiff,
                                                ORDER DENYING MOTION FOR
13       v.                                     APPOINTMENT OF COUNSEL

14   P. LLAMAS, et al.,                         (Document# 30)

15              Defendant.

16

17       On October 11, 2016, plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

19   113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

20   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States District Court for the

21   Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24       Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

1    In the present case, the court does not find the required exceptional circumstances.
2 Plaintiff argues that he is unskilled in the law, cannot afford to retain an attorney, has a
3 meritorious case, and has been denied relevant evidence by Defendants.  This does not make
4 Plaintiff's case exceptional under the law.  At this stage in the proceedings, the court cannot make
5 a determination that plaintiff is likely to succeed on the merits.  Defendants' motion for summary
6 judgment for failure to exhaust administrative remedies is now pending and may dispose of most
7 of Plaintiff's claims.  Moreover, based on the record in this case, the court does not find that
8 plaintiff cannot adequately articulate his claims.  Further, the legal issues in this case, concerning
9 conditions of confinement, are not complex.  Therefore, plaintiff's motion shall be denied without
10 prejudice to renewal of the motion at a later stage of the proceedings.

11    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
12 DENIED, without prejudice.

13
14 IT IS SO ORDERED.

15    Dated:    **October 13, 2016**                        **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28