UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAMIAN T. DOSTER,

        Plaintiff,

  vs.

JEFFREY A. BEARD, et al.,

        Defendants.

1:15-cv-01415-DAD-GSA-PC

**ORDER DENYING MOTION FOR STAY OF PROCEEDINGS AS MOOT, AND GRANTING MOTION TO MODIFY SCHEDULING ORDER**
**(ECF Nos. 38, 43.)**

**ORDER DEEMING DEFENDANT LEON'S MOTION TO COMPEL TIMELY FILED AND DEEMING DEPOSITIONS TIMELY TAKEN**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LEON'S MOTION TO COMPEL**
**(ECF No. 42.)**

**ORDER FOR PLAINTIFF TO PROVIDE FURTHER DISCOVERY RESPONSES TO DEFENDANT LEON WITHIN THIRTY DAYS, AS INSTRUCTED BY THIS ORDER**

**THIRTY-DAY DEADLINE**

<u>New Dispositive Motions Deadline</u>:  **July 31, 2017**

## I.    BACKGROUND

Damian T. Doster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds

with Plaintiff's First Amended Complaint filed on March 25, 2016, against defendants Chief Deputy Warden F. Vasquez, Yard Captain P. Llamas, Sgt. Sarah Leon, and Maintenance Engineer Ric Pavich (collectively, "Defendants"), on Plaintiff's claims for adverse conditions of confinement under the Eighth Amendment and related negligence claims. (ECF No. 13.)

On July 5, 2016, the court issued a discovery and scheduling order for this case, setting a deadline of December 2, 2016, for the parties to conduct discovery, including the filing of motions to compel. (ECF No. 19.) On November 22, 2016, Defendants filed a request to stay the proceedings and vacate and modify the discovery and scheduling order, pending resolution of the settlement conference scheduled for December 13, 2016, and Defendants' motion for summary judgment filed on September 30, 2016. (ECF No. 38.) The settlement conference was held on December 13, 2016, before Magistrate Judge Barbara A. McAuliffe, however the case did not settle.

On January 4, 2017, Defendant Leon filed a motion to compel further discovery responses from Plaintiff. (ECF No. 42.) Also on January 4, 2017, Defendants filed a motion to modify the discovery and scheduling order. (ECF No. 43.)

Plaintiff has not filed an opposition to the motion to compel. On April 6, 2017, defense counsel filed a declaration in lieu of reply.[1] (ECF No. 49.)

Defendants' motion to stay the proceedings and modify the scheduling order, and Defendant Leon's motion to compel, are now before the court. L.R. 230(*l*).

///

///

---

[1] Defense counsel declares that on or about January 29, 2017, Plaintiff sent her supplemental responses to Defendant Leon's discovery requests; however the responses were still inadequate and Plaintiff has not filed an opposition to Defendant's motion to compel. (Decl. of Andrea Sloan, ECF No. 49 ¶¶3, 4, 7, 8, 10.) Counsel argues that under Local Rule 230(*l*), Defendant Leon's motion to compel should be deemed submitted and unopposed, and the court should grant the motion and impose appropriate sanctions. (Id. ¶¶11, 12.)

The court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751. Therefore, the court declines to impose sanctions and shall resolve the motion to compel on its merits.

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.     Allegations

The events at issue in this case arose at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Defendants Vasquez, Llamas, Leon, and Pavich were employees of the CDCR at CSP during the relevant time.  Plaintiff's allegations follow.

On May 18, 2015, the hot water was turned off to the housing unit and in Plaintiff's solitary cell.  The cold water was also turned off, depriving Plaintiff of drinking water until May 20, 2015, at which time only the cold water was turned back on in Plaintiff's cell.

The plumbing was in such disrepair that every time other inmates flushed their toilets human waste would back up into Plaintiff's toilet, causing the toilet to overflow and covering Plaintiff's cell floor and the tier in front of his cell.  Plaintiff was forced to eat, sleep, and live in other people's bodily waste and fumes for over two months.  Plaintiff was also deprived of any cleaning supplies that would prevent germs and diseases.

On June 3, 2015, Defendants Vasquez and Leon were informed that Plaintiff's cell had no hot or warm water, that Plaintiff had no cleaning supplies or soap, and the plumbing was overflowing.  Plaintiff informed them about no cleaning supplies.  Defendants Vasquez and Leon told Plaintiff the hot water would be back in a week or a few days, and to quit crying and complaining.  This went on for months while Plaintiff's requests for interviews went unanswered.

On June 6,  2015, Plaintiff sent a CDCR-22 form request for interview to Defendant Llamas, informing Llamas of the adverse conditions.  Defendant Llamas responded that it was a maintenance issue and could not be corrected at her level.

On July 1, 2015, Plaintiff submitted a CDCR-22 form request for interview to Defendant Pavich, informing Pavich of the adverse conditions which arose on May 18, 2015.  On July 15, 2015, Defendant Pavich responded that he was working on the hot water loop, and the hot water would be running by July 30, 2015.

///

Defendants Vasquez, Llamas, Leon, and Pavich all had authority to declare Plaintiff's cell unsafe for occupancy until the hot water was restored and the plumbing was fixed, but they did not do so. Plaintiff suffered physical injuries, mental and emotional pain and suffering, humiliation and fear.

Plaintiff requests monetary damages and declaratory relief.

**B.     Claims**

Plaintiff's case proceeds against defendants Vasquez, Llamas, Leon, and Pavich, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement and related negligence claims. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

**III.     DEFENDANTS' MOTION FOR STAY AND TO MODIFY DISCOVERY AND SCHEDULING ORDER**

Defendants had requested a stay of the proceedings in this action pending resolution of the settlement conference. The settlement conference was held on December 13, 2016. Therefore, this request is moot and shall be denied as such.

Defendants also request a modification of the court's discovery and scheduling order. Plaintiff has not filed an opposition. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson

v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request to extend discovery for forty-five days after the settlement conference to the taking of Plaintiff's deposition. This request is likewise moot as more than forty-five days have passed since the December 13, 2016 settlement conference. However, the court shall deem Defendant Leon's motion to compel, filed on January 4, 2017, as timely filed. In addition, any depositions of Plaintiff taken by Defendants after the settlement conference are deemed timely. If Defendants require more time to take Plaintiff's deposition, they may renew their motion.

Defendants also request an extension of the deadline for filing dispositive motions, to be due either seventy-five or ninety days after the court issues a ruling on Defendants' pending motion for summary judgment and Defendant Leon's pending motion to compel. The current deadline is January 31, 2017, which has expired. Defendants argue that they will be prejudiced if the dispositive motions deadline is not extended as they have not received further responses to discovery pursuant to their motion to compel, or a ruling on their exhaustion-based motion for summary judgment. Defendants have established good cause for the court to extend the deadline for filing dispositive motions in this case. Defendants have shown that even with the exercise of due diligence, they could not and cannot meet the current January 31, 2017, deadline. Therefore, Defendants' motion shall be granted, and the dispositive motions deadline shall be extended to a fixed date, July 31, 2017, for all parties to this action.

///

///

///

## IV.   DEFENDANT LEON'S MOTION TO COMPEL

### A.   <u>Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).

A party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 33(a)(2).  A party may also propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).  A party may propound requests for admissions of the "truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).  Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., <u>Grabek v. Dickinson</u>, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); <u>Ellis v. Cambra</u>, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery

requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

**B.      Discussion**

Defendant Leon seeks to compel further responses to her interrogatories, requests for production of documents, and requests for admission, which were timely served on October 27, 2016. Plaintiff's responses were due on November 28, 2016, but were delayed until December 13, 2016. Defendant Leon argues that the responses are incomplete and evasive, and Plaintiff did not verify his responses under oath.

**1.      Interrogatories**

Defendant requests supplemental responses to interrogatories numbers 4, 7, 8, 9, 10, 11, 14, 15, 16, 17, 20, 21, and 22.

Interrogatories must be answered by the party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The grounds for objecting to an interrogatory must be stated with specificity, and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). The person who makes the answers must sign them, and the attorney who objects must sign any objections. Fed. R. Civ. P. 33(b)(5).

The court addresses each interrogatory at issue in turn.

///

**INTERROGATORY NO. 4:**

If you contend that you were denied drinking water, identify all documents which support your contention that you were denied drinking water.

**RESPONSE TO INTERROGATORY NO. 4:**

"Plaintiff refers defendant to Plaintiff Amended Complaint Page 4, Lines 1 through  6."

///

7

**DEFENDANT'S POSITION:**

Plaintiff has not identified any documents to support his contention, but rather refers to statements made in his Amended Complaint. If Plaintiff does not have any documentation to support his contention, he should respond accordingly.

**RULING:**

Plaintiff's response does not answer the question asked. Fed. R. Civ. P. 37(a)(4). Plaintiff is ordered to make a further response identifying documents or stating that he does not have any documentation.

**INTERROGATORY NO. 7:**

Describe each occasion in which you contend human waste overflowed into your cell.

**RESPONSE TO INTERROGATORY NO. 7:**

"Plaintiff objects on the ground that the interrogatory is argumentative. Without waiving these objections, Plaintiff recalls on several occasions human waste overflowed into his cell."

**DEFENDANT'S POSITION:**

The interrogatory is not argumentative and Plaintiff has not responded to the interrogatory noting dates, frequency, amount, circumstances, or any other information. Instead, he merely recites the facts alleged in his amended complaint.

**RULING:**

Plaintiff gives no basis for his characterization of this interrogatory as argumentative, and the court finds none. Plaintiff's response to the interrogatory does not sufficiently respond to the request. Fed. R. Civ. P. 37(a)(4). Plaintiff is ordered to make a further response, describing each occasion in which he contends human waste overflowed into his cell, including dates, frequency, amount, circumstances, or any other information.

///

**INTERROGATORY NO. 8:**

State all facts on which you base your contention that you were deprived cleaning supplies.

**RESPONSE TO INTERROGATORY NO. 8:**

"Refers Defendant to RFA Responses 6, 8, 9, 10, 11, 12, 13, 14 which is when Plaintiff was deprived cleaning supplies. However, cleaning supply deprivation is a common practice in 4A-2R."

**DEFENDANT'S POSITION:**

Plaintiff has not responded to the interrogatory.

**RULING:**

Plaintiff's response does not state facts on which he bases his contention he was deprived of cleaning supplies, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Plaintiff is ordered to make a further response, stating all responsive facts.

///

**INTERROGATORY NO. 9:**

Identify all documents that support your contention that you were deprived of cleaning supplies.

**RESPONSE TO INTERROGATORY NO. 9:**

"Refers Defendant to Affidavit statement of Mr. Gilfredo B. Magana #AI-4567 and affidavit statement of Mr. Clarence E. Reese #V-99830."

**DEFENDANT'S POSITION:**

The declarations attached to Plaintiff's initial disclosures do not make references to the alleged deprivation of cleaning supplies. (*See* Pl.'s Initial Disclosures, Def.'s Ex. 3.) If Plaintiff is not in possession of any documents to support his contention, he should respond accordingly.

**RULING:**

Plaintiff has not adequately responded to this interrogatory. Fed. R. Civ. P. 37(a)(4). Plaintiff is ordered to make a further response, identifying all documents that support his contention he was deprived of cleaning supplies. If Plaintiff does not have any responsive documents, he must so indicate.

///

**INTERROGATORY NO. 10:**

Describe any interactions you had with Defendant Leon concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 10:**

"Refers Defendant to Defendant's response to RFA No 7.(6): Defendant admits he spoke to me after I filed a CDCR 602, However, plaintiff has not had any interaction with the defendant beyond June 3, 2015 concerning the matter."

       **DEFENDANT'S POSITION:**

Plaintiff has not responded to the interrogatory.

       **RULING:**

Plaintiff's response does not describe all of the interactions between Defendant Leon and Plaintiff concerning plumbing issues, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Defendant is ordered to make a further response to this interrogatory, discussing all such interactions.

///

**INTERROGATORY NO. 11.**

Identify any documents that relate to interactions you had with Defendant Leon concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 11:**

"Plaintiff further denies any interaction with defendant Leon beyond June 3, 2015, However, Plaintiff refers defendant to statement and declaration of Mr. Damien T. Doster #T-46801 number 7. of Plaintiff's statement."

       **DEFENDANT'S POSITION:**

Plaintiff's response is unclear. If Plaintiff's only documentation of the alleged interactions is contained in his own declaration, he must clearly state so.

       **RULING:**

The interrogatory asks Plaintiff to "identify any documents" that relate to interactions he had with Defendant Leon concerning plumbing issues. Plaintiff has made a satisfactory response by identifying his declaration. Plaintiff is not required to make a statement that the

declaration is the only responsive document. Plaintiff is not required to make a further response to this interrogatory.

///

**INTERROGATORY NO. 14:**

Describe any interactions you had with Defendant Pavich concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 14:**

"The interaction Plaintiff had with defendant Pavich concerning the plumbing issues were through work orders."

     **DEFENDANT'S POSITION:**

Plaintiff's response is unclear and not responsive. Plaintiff has failed to describe what types of issues were discussed and on what occasions.

     **RULING:**

Plaintiff has not described interactions, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Rather, Plaintiff has described the means of communication used by Plaintiff and Defendant Pavich. Plaintiff is ordered to make a further response, describing any interactions he had with Defendant Pavich concerning plumbing issues.

///

**INTERROGATORY NO. 15:**

Identify any documents that relate to interactions you had with Defendant Pavich concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 15:**

"Refers defendant to work order log, however, on several occasion building officers claimed to not knowing how to work the computer to submit a work order, or claimed that computers were down."

     **DEFENDANT'S POSITION:**

Plaintiff's response is unclear and not responsive. The response provided suggests that Plaintiff did not directly communicate with Defendant Pavich or that documents do not exist. Plaintiff should be compelled to provide a further response.

**RULING:**

This interrogatory asks Plaintiff to "identify any documents" that relate to the described interactions. Plaintiff refers Defendant to the work order log. Based on Plaintiff's statement in Interrogatory No. 14 that he interacted with defendant Pavich using work orders, Plaintiff's response to this interrogatory is sufficient. Plaintiff is not required to make a further response.

///

**INTERROGATORY NO. 16:**

Describe any interactions you had with Defendant Vasquez concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 16:**

"June 3, 2015."

**DEFENDANT'S POSITION:**

Plaintiff's response is incomplete. Merely stating a date does not describe what was discussed.

**RULING:**

Plaintiff's response to this interrogatory is insufficient. Fed. R. Civ. P. 37(a)(4). Plaintiff was asked to describe interactions. Plaintiff is ordered to further respond to this interrogatory, describing his interactions with Defendant Vasquez concerning plumbing issues.

///

**INTERROGATORY NO. 17:**

Identify any documents that relate to interactions you had with Defendant Vasquez concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 17:**

"Refers defendant to statement and declaration of Mr. Damien T. Doster."

**DEFENDANT'S POSITION:**

Plaintiff's response is unclear. If Plaintiff's only documentation of the alleged interaction is contained in his own declaration, he must state so clearly.

///

**RULING:**

The interrogatory asks Plaintiff to "identify any documents" that relate to the described interactions. Plaintiff has made a satisfactory response by identifying his declaration. Plaintiff is not required to make a statement that this is the only responsive document. Plaintiff is not required to make a further response.

///

**INTERROGATORY NO. 20:**

Identify all documents that support each injury you contend is related to the allegations raised in your Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

"Refers defendants to Plaintiff's medical file the months of May through September 2015. All medication proscribed and both affidavit statements of Mr. Gilfredo B. Magana, and Mr. Clarence E. Reese."

**DEFENDANT'S POSITION:**

Plaintiff's response is evasive and incomplete. Plaintiff must point to specific dates of treatment rather than his medical file, generally.

**RULING:**

Plaintiff must state with more specificity which documents are responsive to this interrogatory. As Plaintiff's medical file may be voluminous, Plaintiff must direct Defendants to each specific document supporting his assertion that he sustained injuries, and where the documents can be found, so that Defendants can find the documents without a burdensome search. Plaintiff is advised to identify such documents by date. Upon request to prison officials, Plaintiff has access to his medical file. Plaintiff must search for documents that support each injury, as requested.

///

**INTERROGATORY NO. 21:**

Identify all state issued cleaning supplies, soap, or disinfecting products that you were in possession of between May and July 2015.

**RESPONSE TO INTERROGATORY NO. 21:**

"Refers defendants to Plaintiff's RFA responses to number's 1, 2, 3, 5, 7."

      **DEFENDANT'S POSITION:**

Plaintiff failed to respond to the interrogatory.

      **RULING:**

Plaintiff has not made an adequate response. Fed. R. Civ. P. 37(a)(4). This interrogatory requests Plaintiff to identify the cleaning supplies, soap, and disinfecting products. It is not sufficient to refer Defendants to his admissions. Plaintiff is ordered to make a further response, identifying the products named.

///

**INTERROGATORY NO. 22:**

Identify all cleaning supplies, soap, or disinfecting products that you purchased or received that you were in possession of between May and July 2015.

**RESPONSE TO INTERROGATORY NO. 22:**

"Plaintiff objects to request no 22, on the ground that the request is irrelevant."

      **DEFENDANT'S POSITION:**

Plaintiff's objection is baseless and he should be compelled to provide a response.

      **RULING:**

Plaintiff gives no basis for his characterization of this interrogatory as irrelevant, and the court finds none. Plaintiff's response to the interrogatory does not sufficiently respond to the request. Fed. R. Civ. P. 37(a)(4). Plaintiff is ordered to make a further response, identifying all cleaning supplies, soap, or disinfecting products that he purchased or received that he was in possession of between May and July 2015.

///

      **2.**       **Requests for Production of Documents**

Defendant Leon requests supplemental responses to requests for production of documents numbers 7, 8, 9, 12, 13, 14, 15, 16, and 17. Defendant asserts that Plaintiff did not produce any documents in response to Defendant's requests for production. To the extent that

Plaintiff refers to documents attached to his initial disclosures, Defendant requests that Plaintiff produce readable copies and clearly identify which of the already produced documents relate to each request.  Defendant also argues that Plaintiff's references to his request for admission and interrogatory responses are not responsive.

The court addresses each request at issue in turn.

///

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all notes transcribed by you concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

"Plaintiff refers defendant to all 22 request for interview submitted."

**RULING:**

Plaintiff's response is not sufficient.  Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all correspondence sent by you to any of the Defendants.

**RESPONSE TO FOR PRODUCTION REQUEST NO. 8:**

"Plaintiff refers defendant to all 22 form request for interview submitted."

**RULING:**

Plaintiff's response is not sufficient.  Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must

produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all correspondence received by you from any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

"Request asked an answered from Request 8 and 9."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents identified in response to Defendant Leon's interrogatory number 9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

"Plaintiff refers defendant to Plaintiff's RFA responses 6, 8, 9, 10, 11, 12, 13, 14."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff's response to Defendant's interrogatory number 9 states, "Refers Defendant to Affidavit statement of Mr. Gilfredo B. Magana #AI-4567 and affidavit statement of Mr. Clarence E. Reese #V-99830." Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures,

Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents identified in response to Defendant Leon's interrogatory number 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

"Plaintiff refers defendant to Plaintiff's RFA No. 7(6)."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff's response to Defendant's interrogatory number 11 refers Defendant to "statement and declaration of Mr. Damien T. Doster #T-46801 number 7. of Plaintiff's statement." Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents identified in response to Defendant Leon's interrogatory number 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

"Plaintiff refers defendant to Plaintiff's response of interrogatory number 12."

**RULING:**

Plaintiff's response is sufficient. Plaintiff's response to Defendant's interrogatory number 13 states, "Plaintiff further denies he had any interaction with this defendant [Llamas] concerning [plumbing issues]." Plaintiff's response indicates that no responsive documents exist because he had no interaction with defendant Llamas concerning plumbing issues. Plaintiff is not required to make a further response to this request for production.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents identified in response to Defendant Leon's interrogatory number 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

"Plaintiff refers defendant to Plaintiff's response of interrogatory number 14 and 15."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff's response to interrogatory number 15 refers Defendant to the "work order log." Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents identified in response to Defendant Leon's interrogatory number 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

"Plaintiff refers defendant to Plaintiff's response of interrogatory number 16."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff's response to interrogatory number 17 "Refers defendant to statement and declaration of Mr. Damien T. Doster." Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents identified in response to Defendant Leon's interrogatory number 20.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

"Plaintiff refers defendant to Plaintiff's response of interrogatory number 20."

**RULING:**

Plaintiff's response is not sufficient. Plaintiff's response to Defendant's interrogatory number 20 refers defendants to Plaintiff's medical file for the months of May through September 2015, and affidavit statements of Mr. Gilfredo B. Magana, and Mr. Clarence E. Reese. Plaintiff has not produced any documents. Plaintiff is ordered to make a further response to this request, producing documents as requested or stating that no responsive documents are in his "possession, custody, or control." To the extent that Plaintiff refers to documents attached to his initial disclosures, Plaintiff must produce readable copies and clearly identify which of the already produced documents relate to each request.

///

### 3.    Request for Admissions

Defendant Leon requests further responses to his Requests for Admissions numbers 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 56, 66, and 67. Defendant contends that Plaintiff's responses were deficient because Plaintiff qualified several of his admissions without further explanation and asserted baseless objections.

"A request for admissions is a request to admit, for the purposes of the pending action only, the truth or any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). " A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify

an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id.

The court addresses each request at issue in turn.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you were issued cleaning supplies on April 29, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

"Plaintiff admits that he received toilet paper only."

**RULING:**

Plaintiff has not adequately responded. Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on April 29, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest. Id. Plaintiff is required to make a further response, explaining whether he admits or denies that he received cleaning supplies on April 29, 2015. Plaintiff is advised that toilet paper is not generally considered a cleaning supply but rather a toiletry. Therefore, Plaintiff's response that he received toilet paper is not responsive to this request. However, if Plaintiff considers toilet paper to be a cleaning supply, he must clearly state so.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you were issued cleaning supplies on May 20, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

"Plaintiff admits that he received toilet paper, and tooth powder only."

**RULING:**

Plaintiff has not adequately responded. Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on April 29, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest. Id. Plaintiff is required to make a further response, explaining whether he admits or denies that he received cleaning supplies on May 20, 2015.

Plaintiff is advised that toilet paper and tooth powder are not generally considered cleaning supplies, but rather toiletries. Therefore, Plaintiff's response that he received toilet paper and tooth powder is not responsive to this request. However, if Plaintiff considers toilet paper and tooth powder to be cleaning supplies, he must clearly state so.

///

**REQUEST FOR ADMISSION NO. 8:**

Admit that you were issued cleaning supplies on June 10, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

"Plaintiff admits in part."

**RULING:**

Plaintiff has not adequately responded. Under federal rules, Plaintiff must either (1) <u>admit</u> that he was issued cleaning supplies on June 10, 2015, or (2) <u>specifically deny</u> it, or (3) <u>state in detail why</u> he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest. <u>Id.</u> Plaintiff is required to make a further response, explaining what part of the matter he admits, and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 9:**

Admit that you were issued cleaning supplies on June 17, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

"Plaintiff admits in part."

**RULING:**

Plaintiff has not adequately responded. Under federal rules, Plaintiff must either (1) <u>admit</u> that he was issued cleaning supplies on June 17, 2015, or (2) <u>specifically deny</u> it, or (3) <u>state in detail why</u> he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest. <u>Id.</u> Plaintiff is required to make a further response,

explaining what part of the matter he admits, and qualify or deny the rest.  Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 10:**

Admit that you were issued cleaning supplies on June 24, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

"Plaintiff admits that he received toilet paper only."

**RULING:**

Plaintiff has not adequately responded.  Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on June 24, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).  If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest.  Id.  Plaintiff is required to make a further response, explaining whether he admits or denies that he received cleaning supplies on June 24, 2015. Plaintiff is advised that toilet paper is not generally considered a cleaning supply, but rather a toiletry.  Therefore, Plaintiff's response that he received toilet paper is not responsive to this request.  However, if Plaintiff considers toilet paper to be a cleaning supply, he must clearly state so.

///

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were issued cleaning supplies on July 1, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

"Plaintiff admits in part."

**RULING:**

Plaintiff has not adequately responded.  Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on July 1, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).  If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest.  Id.  Plaintiff is required to make a further response,

explaining what part of the matter he admits, and qualifying or denying the rest.  Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 12:**

Admit that you were issued cleaning supplies on July 8, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

"Plaintiff admits in part."

**RULING:**

Plaintiff has not adequately responded.  Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on July 8, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).  If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest.  Id.  Plaintiff is required to make a further response, explaining what part of the matter he admits, and qualifying or denying the rest.  Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 13:**

Admit that you were issued cleaning supplies on July 15, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

"Plaintiff admits in part."

**RULING:**

Plaintiff has not adequately responded.  Under federal rules, Plaintiff must either (1) admit that he was issued cleaning supplies on July 15, 2015, or (2) specifically deny it, or (3) state in detail why he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).  If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest.  Id.  Plaintiff is required to make a further response, explaining what part of the matter he admits, and qualify or deny the rest.  Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 14:**

Admit that you were issued cleaning supplies on July 22, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

"Plaintiff admits that he received toilet paper only."

**RULING:**

Plaintiff has not adequately responded. Under federal rules, Plaintiff must either (1) <u>admit</u> that he was issued cleaning supplies on July 22, 2015, or (2) <u>specifically deny</u> it, or (3) <u>state in detail why</u> he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). If Plaintiff must qualify an answer or only deny part of the matter, the answer must specify the part admitted and qualify or deny the rest. <u>Id.</u> Plaintiff is advised that toilet paper is not generally considered a cleaning supply, but rather a toiletry. Therefore, Plaintiff's response that he received toilet paper is not responsive to this request. However, if Plaintiff considers toilet paper to be a cleaning supply, he must clearly state so.

Plaintiff is required to make a further response, explaining whether he admits or denies that he received cleaning supplies on July 22, 2015.

///

**REQUEST FOR ADMISSION NO. 15:**

Admit that you were in possession of body soap between May and July 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

"RFA No. 15 is irrelevant."

**RULING:**

Plaintiff has not explained the basis for his objection that this request is irrelevant, and the court finds none. Under federal rules, evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401. In general, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. <u>Id.</u>

In his complaint, Plaintiff alleges that he was not provided with cleaning supplies or soap between May and July 2015, in violation of his Eighth Amendment rights. Whether Plaintiff was in possession of body soap between May and July 2015 is relevant because it makes it more probable that Plaintiff was provided with "soap" between May and July 2015, a fact that is in consequence of determining whether Plaintiff's rights were violated. Fed. R. Evid. 401. Therefore, Plaintiff's objection is overruled.

Plaintiff is required to make a further response to this request, either admitting that he was in possession of body soap between May and July 2015, specifically denying it, or stating in detail why he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 16:**

Admit that you were in possession of shampoo between May and July 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

"RFA No. 16 is irrelevant."

**RULING:**

Plaintiff has not explained the basis for his objection that this request is irrelevant and the court finds none. Under federal rules, evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401. In general, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Id. In this case, Plaintiff alleges that he was not provided with cleaning supplies or soap between May and July 2015, in violation of his Eighth Amendment rights. Whether Plaintiff was in possession of shampoo between May and July 2015 is relevant because tends to make it less probable that Plaintiff was deprived of "soap" and "cleaning supplies" than without the evidence, and the fact is of consequence in determining whether Plaintiff's rights were violated. Fed. R. Evid. 401. Therefore, Plaintiff's objection is overruled.

///

Plaintiff is required to make a further response to this request, either <u>admitting</u> that he was in possession of shampoo between May and July 2015, <u>specifically denying</u> it, or <u>stating in detail why</u> he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 56:**

Admit that you went to the yard on July 6, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

"Plaintiff."

**RULING:**

This response is incomplete and nonresponsive to the request.  Plaintiff is required to make a further response to this request, either <u>admitting</u> that he went to the yard on July 6, 2015, <u>specifically denying</u> it, or <u>stating in detail why</u> he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 66:**

Admit that you have no medical background.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

"RFA No. 66 calls for a legal conclusion."

**RULING:**

Plaintiff's objection is overruled.  Requests to admit may not be used to establish legal conclusions.  <u>Sommerfield v. City of Chicago</u>, 251 F.R.D. 353 (N.D. Ill.2008).  However, Plaintiff has not identified any basis for his assertion that Defendant's request for him to admit whether he has no medical background calls for a legal conclusion, and the court finds none. Plaintiff is required to make a further response to this request, either <u>admitting</u> that he has no medical background, <u>specifically denying</u> it, or <u>stating in detail why</u> he cannot truthfully admit or deny it.  Fed. R. Civ. P. 36(a)(4).

///

**REQUEST FOR ADMISSION NO. 67:**

Admit that you have no background in correctional plumbing maintenance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

"RFA No. 67 calls for a legal conclusion."

**RULING:**

Plaintiff's objection is overruled. While it is true that requests for admission may not be used to establish legal conclusions, <u>Sommerfield v. City of Chicago</u>, 251 F.R.D. 353 (N.D. Ill. 2008), here Plaintiff has not identified any basis for his assertion that this request calls for a legal conclusion, and the court finds none. Plaintiff is required to make a further response to this request, either <u>admitting</u> that he has no background in correctional plumbing maintenance, <u>specifically denying</u> it, or <u>stating in detail why</u> he cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4).

## V.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendants' motion for stay is DENIED as moot;

2.  Defendants' motion to modify the discovery and scheduling order is GRANTED;

3.  The deadline for filing dispositive motions is extended from <u>January 31, 2017</u> to **<u>July 31, 2017</u>**;

4.  Defendant Leon's motion to compel, filed on January 4, 2017, is deemed timely filed;

5.  Any Depositions taken of Plaintiff by Defendants after the settlement conference are deemed timely;

6.  Defendant Leon's motion to compel, filed on January 4, 2017, is GRANTED in part and DENIED in part;

7.  Within thirty days of the date of service of this order, Plaintiff is required to serve Defendant Leon with further responses to Defendant Leon's Interrogatories, Requests for Production of Documents, and Requests for Admissions, as instructed by this order, as follows:

    (1)  <u>Interrogatories numbers</u>: 4, 7, 8, 9, 10, 14, 16, 20, 21, and 22;

(2)    Requests for Production of Documents numbers: 7, 8, 9, 12, 13, 15, 16, and 17; and

(3)    Requests for Admissions numbers: 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 56, 66, and 67;

8.    Plaintiff is **not** required to make further responses to Interrogatories numbers 11, 15, or 17, or Request for Production of Documents number 14;

9.    Plaintiff shall not file his responses with the court. Local Rules 250.2, 250.3, 250.4;

10.   Plaintiff is required to date and sign his responses to the Interrogatories, Requests for Production of Documents, and Requests for Admissions under penalty of perjury;[2] and

11.   Plaintiff's failure to comply with this order may result in the imposition of sanctions, including dismissal of this action.

IT IS SO ORDERED.

Dated:  __**April 13, 2017**__          _____**/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The responses must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by Plaintiff, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)."