UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN T. DOSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>BEARD, et al.,<br><br>    Defendants. | 1:15-cv-01415-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA**<br>**(ECF No. 31.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DENY OR STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**(ECF No. 34.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES**<br>**(ECF No. 44, also resolves No. 47.)**<br><br>**ORDER FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHIN 21 DAYS**<br><br>**TWENTY-ONE DAY DEADLINE** |

**I.    BACKGROUND**

Damian T. Doster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on March 25, 2016, against defendants Chief Deputy Warden F. Vasquez, Yard Captain P. Llamas, Sgt. Sarah Leon, and Maintenance

1

Engineer Ric Pavich (collectively, "Defendants"), on Plaintiff's claims for adverse conditions of confinement under the Eighth Amendment and related negligence claims. (ECF No. 13.)

On September 30, 2016, Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust administrative remedies before filing suit. (ECF No. 29.) Plaintiff has not filed an opposition, and the motion is pending.

On October 13, 2016, Plaintiff filed a request for a subpoena duces tecum directed to a third party witness. (ECF No. 31.)

On October 26, 2016, Plaintiff filed a motion to deny or stay Defendants' motion for summary judgment under Rule 56 to allow Plaintiff more time for discovery to prepare his opposition to Defendants' motion for summary judgment. (ECF No. 34.) Defendants have not filed an opposition.

On January 27, 2017, Plaintiff filed a motion for leave to propound additional interrogatories. (ECF No. 44.) On February 16, 2017, Defendants filed an opposition. (ECF No. 45.)

Now before the court are Plaintiff's request for subpoena, motion to deny or defer ruling on Defendants' motion for summary judgment, and motion to propound additional interrogatories.

## II. MOTION FOR SUBPOENA

Plaintiff requests the court to send him a subpoena duces tecum to compel third party witness Inmate Casey L. Rowland, CDCR #AN5578, to testify and produce documents. Plaintiff asserts that Inmate Rowland has relevant testimony and documentation.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34.

///

Plaintiff has not specified what documentation he seeks to obtain from Inmate Rowland or made a showing in the motion that the documents are only obtainable through that third party.[1] Nor has Plaintiff shown good cause for the court to compel Inmate Rowland or any other witness to appear and testify at this stage of the proceedings. If this case proceeds to trial, the court will instruct Plaintiff at that time how to request incarcerated witnesses to testify at trial. Plaintiff is advised that he is not precluded from asking another inmate to provide a declaration, subject to prison rules and procedures.

Based on these reasons, Plaintiff's request for a subpoena shall be denied.

### III. MOTION TO DENY OR DEFER RULING ON MOTION FOR SUMMARY JUDGMENT

Rule 56(d)[2] of the the Federal Rules of Civil Procedure provides, "[i]f a nonmovant [in a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

Plaintiff requests the court to either deny Defendants' motion for summary judgment or defer ruling on the motion because he needs additional time to conduct discovery. Plaintiff seeks more time to "unearth Defendants' pattern of negligence, failure, and sadistic deliberate indifference against inmates." (ECF No. 34 at 10-11.) Plaintiff seeks evidence that

---

[1] Plaintiff asserts in his request for subpoena that he was provided a copy of his 602 appeal no. 15-3990-9 from his C-file, but a page was missing. In the event that Plaintiff seeks to obtain the missing page from Inmate Rowland, Plaintiff needs to inform the court why Inmate Rowland is likely to have a more complete copy of Plaintiff's appeal than what was already found in Plaintiff's C-file.

[2] Plaintiff refers to Rule 56(f). However, it appears from Plaintiff's motion that he seeks relief under Rule 56(d).

"Defendants and their agents have intentionally removed documentation [602-A additional page] to evade libility [*sic*] for the consequences of subjecting me to unconstitutional conditions of confinement." (Id. at 7.) Plaintiff asserts that he has been diligent in pursuing discovery because on September 2, 2016, he requested access to his C-file and medical file. Plaintiff also represents that on August 21, 2016, he served a request for production of documents on Defendant Vasquez, and on August 28, 2016, he propounded interrogatories and a request for admissions on all of the Defendants.

Defendants seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies for some of his claims before filing suit. Defendants contend that during the relevant time, Plaintiff submitted and exhausted only one appeal addressing his allegations in the Complaint, Appeal CSPC-5-15-03990, in which he stated that he had been harmed by prison officials as a result of not having any running hot or warm water in his cell or the shower for 55 days. Defendants assert that Plaintiff failed to mention issues about cold drinking water, raw sewage overflowing into Plaintiff's cell, or denial of cleaning supplies in Appeal CSPC-5-15-03990. Defendants argue that Plaintiff only exhausted his remedies for his hot water claim, and did not exhaust his remedies for his claims about cold drinking water, raw sewage overflowing into his cell, or denial of cleaning supplies. Defendants also argue that Plaintiff did not exhaust his remedies for his claims against Defendants Pavich and Vasquez with Appeal CSPC-5-15-03990, because he did not mention those Defendants in the appeal or suggest that they had engaged in any wrongful conduct.

The only issue in the motion for summary judgment is whether Plaintiff exhausted his administrative remedies for his claims about cold drinking water, raw sewage overflowing into his cell, or denial of cleaning supplies, and for his claims against Defendants Pavich and Vasquez. To defend against Defendants' motion for summary judgment, Plaintiff must either show that he exhausted his remedies, or show that he exhausted all of the remedies available to him. Plaintiff has not identified any discovery he has diligently pursued but was unable to obtain during the discovery phase for this case that is likely to exist and essential to his opposition to the motion. Plaintiff only contends, in his motion to defer the court's ruling, that

he needs more time to unearth evidence of "Defendants' pattern of negligence, failure, and sadistic deliberate indifference against inmates," and to show that "Defendants and their agents have intentionally removed documentation [602-A additional page] to evade libility [*sic*] for the consequences of subjecting me to unconstitutional conditions of confinement." (ECF No. 34 at 7, 10-11.) None of this proposed discovery is essential to defend against Defendants' motion for summary judgment. Plaintiff states that he needs time for discovery concerning Defendants' negligence, deliberate indifference, and subjecting Plaintiff to unconstitutional conditions of confinement, which is not relevant to his defense against summary judgment.

Based on the foregoing, Plaintiff's motion to deny or stay Defendants' motion for summary judgment shall be denied.

### IV. MOTION TO PROPOUND ADDITIONAL INTERROGATORIES

#### A. Legal Standards

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P 33(a). Rule 26(b) provides that "[b]y order, the court may alter the limits in these rules on the number of . . . interrogatories." Fed. R. Civ. P. 26(b)(2)(A). However, "the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (alteration omitted)); accord Goehring v. Brophy, 94 F.3d

1294, 1305 (9th Cir. 1996)). "A plaintiff seeking discovery must allege 'enough fact to raise a reasonable expectation that discovery will reveal' the evidence he seeks." Dichter-Mad Family Partners, LLP, 709 F.3d at 751 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)); see also Gager v. United States, 149 F.3d 918, 922 (9th Cir. 1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.")

**Parties' Positions**

Plaintiff requests leave to propound twenty additional interrogatories upon each of the four Defendants. Plaintiff previously served more than twenty-five interrogatories on each of the four Defendants, but he asserts that because he is unskilled in civil law, he was not descriptive enough in the interrogatories and therefore did not get the responses he needs.

Defendants oppose Plaintiff's motion, arguing that any additional interrogatories would be untimely because the court's discovery and scheduling order required the parties to serve written discovery at least thirty-five days before the December 2, 2016 discovery cut-off date. Defendants also argue that Plaintiff has not shown good cause or diligence in seeking to re-open discovery. Defendants claim they will be prejudiced if Plaintiff's motion is granted, because they have had an exhaustion-related motion for summary judgment pending since September 30, 2016. Defendants cite the court's finding in Bey v. Hedgepeth, No. 1:08-cv-01718-LJO-GSA-PC, 2010 WL 3034494, at *1 (E.D. Cal. Aug. 2, 2010) (finding good cause to stay discovery where a motion to dismiss for failure to exhaust was pending and where discovery requests already served had no bearing on whether Plaintiff exhausted his administrative remedies).

**Discussion**

On July 5, 2016, the court issued its discovery and scheduling order establishing a deadline of December 2, 2016, for the parties to conduct and compete discovery. (ECF No. 19.) Plaintiff has served more than twenty-five interrogatories on each of the four defendants in this action and received Defendants' responses. When a party seeks leave to serve additional interrogatories, that party must make a particularized showing of why that discovery is

necessary. Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *8 (E.D. Cal. May 8, 2008) (citing Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999)). Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, once the moving party has made a particularized showing, the Court shall grant leave if it is consistent with Rule 26(b)(2).

Plaintiff's motion is untimely and deficient. Discovery in this case closed on December 2, 2016, more than a month before Plaintiff filed his motion for additional interrogatories. Plaintiff alleges that he wants to revise his prior interrogatories to make them more descriptive, so Defendants will respond with the answers he needs. Plaintiff has not explained the nature or subject matter of the additional interrogatories nor submitted the proposed interrogatories with the motion for review by the court. Therefore, the court cannot adequately address Plaintiff's need to serve additional interrogatories. Plaintiff's motion shall be denied.

## V. PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendants' motion for summary judgment was filed on September 30, 2016, more than five months ago, and the discovery phase for this case is over. Plaintiff has not filed any opposition to the motion for summary judgment. Under Local Rule 230(*l*), Plaintiff is allowed twenty-one days in which to file an opposition or notice of non-opposition. By this order, Plaintiff shall be required to file an opposition or a notice of non-opposition to the motion for summary judgment within twenty-one days.

## VI. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for the issuance of a subpoena, filed on October 13, 2016, is DENIED;
2. Plaintiff's motion to deny or defer ruling on Defendants' motion for summary judgment, filed on October 26, 2016, is DENIED;
3. Plaintiff's motion to propound additional interrogatories upon Defendants, filed on January 27, 2017, is DENIED; and

///

4. Plaintiff is required to file an opposition or a notice of non-opposition to Defendants' motion for summary judgment within twenty-one days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**April 13, 2017**__              __**/s/ Gary S. Austin**__
                                                                    UNITED STATES MAGISTRATE JUDGE