1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

DAMIAN T. DOSTER,

     Plaintiff,

  vs.

JEFFREY A. BEARD, et al.,

     Defendants.

_____/

1:15-cv-01415-DAD-GSA-PC

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART (ECF No. 29.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS**

## I.    BACKGROUND

Damian T. Doster ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this action on September 17, 2015.  (ECF No. 1.)  This case now proceeds with Plaintiff's First Amended Complaint filed on March 25, 2016, against defendants Chief Deputy Warden F. Vasquez, Yard Captain P. Llamas, Sergeant Sarah Leon, and Maintenance Engineer Ric Pavich (collectively, "Defendants"), on Plaintiff's claims for adverse conditions of confinement under the Eighth Amendment and related negligence claims.   (ECF No. 13.)

On September 30, 2016, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies.  Fed. R. Civ. P. 56.  (ECF No. 29.)  On June 8, 2017, Plaintiff

1

1 filed an opposition, and on June 15, 2017, Defendants filed a reply.[1]  (ECF Nos. 54, 55.)  The

2 motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*),

3 and for the reasons that follow, Defendants' motion should be granted in part and denied in part.

4 **II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT (FAC)[2]**

5      Plaintiff is presently incarcerated at Pelican Bay State Prison.  The events at issue occurred

6 at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there.

7      On May 18, 2015, the hot water was shut off to the housing unit and in Plaintiff's cell,

8 number 10.  Moreover, Plaintiff's cold water was shut off as well, thus depriving him of drinking

9 water until May 20, 2015, when only the cold water was turned back on in the cell.

10      The plumbing was in such disrepair that every time other inmates flushed their toilets,

11 human bodily waste would back up into Plaintiff's toilet causing it to overflow, covering his cell

12 floor and the tier in front of his cell with water contaminated by human bodily waste.

13      Plaintiff was forced to eat, sleep, and live in other people's human bodily waste and

14 saturated fumes for over two months.  Plaintiff was also deprived of any cleaning supplies which

15 would prevent germs and diseases.

16      On Wednesday, June 3, 2015, defendants Vasquez and Leon were informed that Plaintiff's

17 cell had no hot or warm water, cleaning supplies, nor soap.  In response, defendants Vasquez and

18 Leon told Plaintiff the hot/warm water would be back on in a week or in a few days, and to quit

19 crying and complaining.  This went on for months while Plaintiff's requests for interviews went

20 unanswered.

21      On June 6, 2015, Plaintiff sent a CDCR form 22 request for interview to defendant Llamas.

22 Plaintiff told Llamas of the events at issue; however, defendant Llamas' response was that it is a

23 maintenance issue and could not be corrected at her level.

24 ---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the
25 requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154
F.3d 952, 960-61 (9th Cir. 1998).  (ECF No. 29-5.)

26
[2] Plaintiff's First Amended Complaint is verified and his allegations constitute evidence where they are based on his
27 personal knowledge of facts admissible in evidence.  Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).  The
summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations
28 are admissible.  The court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections
which follow.

On July 1, 2015, Plaintiff resubmitted a CDCR form 22 request for interview to defendant Pavich, telling him about not having hot/warm water and sometimes no cold drinking water, since May 18, 2015.  From May 18, 2015, through July 25, 2015, the hot and/or warm water was completely shut off.  Sometimes the cold water would also turn off, leaving Plaintiff without drinking water for over 24 hours and forcing him to sleep in overflow from other inmates' toilets. Plaintiff also did not have cleaning supplies or soap, so he could not clean the cell or himself.

He also contends that his underwear could not be cleaned properly without hot water.  As a result, Plaintiff broke out in rashes, sores, and bumps on his legs and back.  During this time, Plaintiff was in a solitary confinement and in a special handling unit, and was forced to stay in his cell for more than 95 hours at a time without exercise or fresh air.

On June 3, 2015, defendants Vasquez and Leon were informed that Plaintiff's cell had no hot/warm water and told Plaintiff that it would be back on in a week or in a few days, and to quit crying and complaining.  This went on for over one month while Plaintiff's requests for interviews went unanswered.  On June 6, 2015, Plaintiff sent a request for interview to defendant Llama, who told Plaintiff that it was a maintenance issue and she could not correct it at her level.

On July 1, 2015, Plaintiff resubmitted the request for interview to defendant Pavich. Plaintiff told him about the water issues, and his response was that he was working on the hot water loop and would have the hot water running by July 30, 2015.

Defendants Vasquez, Llamas, Leon, and Pavich all had the authority to "red line" Plaintiff's cell, i.e., declare it unsafe for occupancy until the hot water and the plumbing were restored.  Defendants' actions were deliberately indifferent and negligent.

Defendants' actions did not advance any legitimate correctional goal.  This violation of Plaintiff's rights under the Eighth Amendment resulted in physical injuries, mental and emotional pain, humiliation, and fear.

Plaintiff requests monetary damages and declaratory relief.

///

///

///

1    **III.    SUMMARY JUDGMENT BASED ON EXHAUSTION**

2         **A.    Legal Standards**

3              **1.    Statutory Exhaustion Requirement**

4         Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o

5    action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

6    Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

7    administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Prisoners are

8    required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549

9    U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th

10   Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of

11   the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and

12   the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534

13   U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

14        "[T]o  properly  exhaust  administrative  remedies  prisoners  'must  complete  the

15   administrative review process in accordance with the applicable procedural rules,' [ ]—rules that

16   are defined not by the PLRA, but by the prison grievance process itself."  Jones, 549 U.S. at 218

17   (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)).  See

18   also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's

19   requirements  'define  the  boundaries  of  proper  exhaustion.'").   An  untimely  or  otherwise

20   procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford, 548 U.S. at

21   90.  However, the Ninth Circuit has made clear:  A grievance need not include legal terminology

22   or legal theories unless they are in some way needed to provide notice of the harm being grieved.

23   Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  A grievance also need not contain every

24   fact necessary to prove each element of an eventual legal claim.  Id.

25        Moreover, the Ninth Circuit has recognized that a grievance suffices to exhaust a claim if it

26   puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide

27   adequate notice, the prisoner need only provide the level of detail required by the prison's

28   regulations.  Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 218).

The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.  Id; Griffin, 557 F.3d at 1120; see also Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.").  Thus, in this case "[t]he California prison system's requirements define the boundaries of proper exhaustion." Marella, 568 F.3d at 1027).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable."  Sapp, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).  In such a case, "the inmate cannot pursue the necessary sequence of appeals." Sapp, 623 F.3d at 823.

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); see also Cal. Code Regs. tit. 15, § 3084.1(b) (explaining that a cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies").  However, a prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." Brown, 422 F.3d at 936 (citing Booth, 532 U.S. at 736–739; see also Finley v. Skolnik, 616 Fed. Appx. 263, 264 (9th Cir. 2012 (Reversing dismissal for failure to exhaust).

In submitting an inmate grievance, California regulations require a prisoner to "list all staff members involved" and to "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). However, the Ninth Circuit has recently held that "a prisoner exhausts such administrative remedies as are available . . . under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); see also Franklin v. Foulk, 2017 WL 784894, at *4-5 (E.D. Cal. Mar. 1, 2017); Franklin v. Lewis, 2016 WL 4761081, at *6 (N.D. Cal. Sept. 13, 2016). Thus, a prisoner's failure to list all staff members involved in an incident in his inmate grievance, or to fully describe the involvement of staff members in the incident, will not necessarily preclude his exhaustion of administrative remedies. Reyes, 810 F.3d at 958; Franklin v. Foulk, 2017 WL 784894, at *4 ("[T]he court in Reyes found that even though the plaintiff's grievance failed to name two physicians on the prison's three-person pain committee, prison officials were put on notice of the nature of the wrong alleged in the suit—that the plaintiff was wrongfully denied pain medication."); Franklin v. Lewis, 2016 WL 4761081, at *6 ("[T]o the extent Defendants argue that Plaintiff failed to comply with a procedural requirement by not naming Defendants in [his appeal], this deficiency is not necessarily fatal to Plaintiff's claim pursuant to Reyes"); Grigsby v. Munguia, No. 2:14-cv-0789 GAB AC P, 2016 WL 900197, at *11-12 (E.D. Cal. Mar. 9, 2016); see also Bulkin v. Ochoa, 2016 WL 1267265, at *1-2 (E.D. Cal. Mar. 31, 2016).

Nonetheless, for administrative remedies to be exhausted by California prisoners as to defendants who were not identified in the inmate grievance, there must be a "sufficient connection" between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had "notice of the alleged deprivation" and an "opportunity to resolve it." Reyes, 810 F.3d at 959 (finding that plaintiff had satisfied PLRA exhaustion requirements as to two prison doctors despite not having identified them in his inmate appeals because there was a sufficient connection between plaintiff's appeal based on inadequate pain management, and the doctors, who served on the prison committee that had denied plaintiff medication); McClure v.

///

1    Chen, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, (E.D. Cal. March 28, 2017)

2    (remedies exhausted even though doctors not named in appeal; prison was placed on notice)) .

3               **2.    California Department of Corrections and Rehabilitation (CDCR)**

4                        **Administrative Grievance System**

5              The court takes judicial notice of the fact that the State of California provides its prisoners

6    and parolees the right to appeal administratively "any policy, decision, action, condition, or

7    omission by the department or its staff that the inmate or parolee can demonstrate as having a

8    material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, §

9    3084.1(a).  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

10             California prisoners are required to submit appeals within thirty calendar days of the event

11   being appealed, and the process is initiated by submission of the appeal at the first level.  Id. at §§

12   3084.7(a), 3084.8(c).  Three levels of appeal are involved, including the first level, second level,

13   and third level.  Id. at § 3084.7.  The third level of review exhausts administrative remedies.  Id. at

14   § 3084.7(d)(3).  A final decision at the third level[3] of review satisfies the exhaustion requirement

15   under 42 U.S.C. § 1997e(a).  Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).  In order to

16   satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims

17   prior to filing suit.  Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201.

18                        **3.    Motion for Summary Judgment for Failure to Exhaust**

19             The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

20   which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549

21   U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the Ninth

22   Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising

23   the affirmative defense of exhaustion under § 1997e(a).  Albino ("Albino II"), 747 F.3d at 1168–

24   69.  Following the decision in Albino II, defendants may raise exhaustion deficiencies as an

25   affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[4]

26

27   [3] The third level is sometimes known as the Director's level.

28   [4] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the
     face of the complaint."  Albino II, 747 F.3d at 1162.

1   or (2) a motion for summary judgment under Rule 56.  Id.  If the court concludes that Plaintiff has

2   failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint

3   barred by § 1997e(e).  Jones, 549 U.S. at 223–24; Lira , 427 F.3d at 1175–76.

4          Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute

5   as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

6   56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary

7   judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the

8   assertion by "citing to particular parts of materials in the record, including depositions, documents,

9   electronically stored information, affidavits or declarations, stipulations (including those made for

10  purposes of the motion only), admissions, interrogatory answers, or other materials, or showing

11  that the materials cited do not establish the absence or presence of a genuine dispute, or that an

12  adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

13  In judging the evidence at the summary judgment stage, the court "must draw all reasonable

14  inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo

15  Beach, 657 F.3d at 942.  The court must liberally construe Plaintiff's filings because he is a pro se

16  prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

17         In a summary judgment motion for failure to exhaust administrative remedies, the

18  defendants have the initial burden to prove "that there was an available administrative remedy, and

19  that the prisoner did not exhaust that available remedy."  Albino II, 747 F.3d at 1172.  If the

20  defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence

21  showing that there is something in his particular case that made the existing and generally

22  available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of

23  proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment

24  should be denied, and the district judge rather than a jury should determine the facts."  Id. at 1166.

25  ///

26  ///

27  ///

28  ///

**B.**     **Undisputed Facts**

Unless otherwise noted, the following facts are undisputed by the parties or as determined by the court based on a thorough review of the record.[5]

1. Plaintiff was previously housed in the California State Prison, Corcoran (CSP-Corcoran) Security Housing Unit (SHU), building 4A2R.  (First Am. Compl., March 25, 2016, ECF No. 13, p. 7, ¶ 3.)

2. Beginning on May 18, 2015, the hot and cold water in Plaintiff's building was shut off. (ECF No. 13 at p. 9, ¶ 10.)

3. Plaintiff alleged that he was deprived of drinking water until May 20, 2015, when the cold water was turned back on.  (ECF No. 13 at p. 9, ¶ 10.)

4. In addition, Plaintiff alleged that the plumbing in his housing unit was in such disrepair that when other inmates flushed their toilets, human waste would back-up into his toilet and overflow, covering his cell floor with contaminated waste.  (ECF No. 13 at p. 9, ¶ 11.)

5. Plaintiff alleged that he was forced to live in these conditions for over two months and that he was denied access to cleaning supplies.  (ECF No. 13 at p. 9, ¶¶ 12-13.)

6. Plaintiff claims that he told Defendants Vasquez and Leon, on June 3, 2015, that his cell did not have hot water, that human waste had been backing up into his cell, and that he had been denied cleaning supplies.  (ECF No. 13 at p. 9, ¶ 14.)

7. Defendants Vasquez and Leon informed Plaintiff that his hot water would be turned back on in a week.  (ECF No. 13 at p. 10, ¶ 15.)

8. On June 6, 2015, Plaintiff sent a request for interview to Defendant Llamas notifying her of the plumbing problems, but she told Plaintiff that she could not do anything at her level to help him because it was a maintenance issue.  (ECF No. 13 at p. 10, ¶ 16.)

///

///

---

[5] These facts are taken from Defendant's Separate Statement of Undisputed Facts, ECF No. 29-2, and Plaintiff's Undisputed Facts, ECF No. 54 at 10-12.  The court has considered all declarations and exhibits submitted in support of each statement.  These facts are undisputed only for purposes of Defendants' motion for summary judgment.

9. As a result, Plaintiff resubmitted his request for interview to Defendant Pavich on July 1, 2015, who advised Plaintiff that the hot water would be running by July 30, 2015. (ECF No. 13 at p. 10, ¶ 17.)

10. Plaintiff believes that the Defendants should have deemed his cell unsafe for occupancy and rehoused him until the hot water was restored. (ECF No. 13 at pp. 10-11, ¶ 18.)

11. Plaintiff contends that he exhausted all available administrative remedies by submitting Appeal CSPC-5-15-03990. (ECF No. 13, p. 2, ¶ II.)

12. Plaintiff stated that Appeal CSPC-5-15-03990 was granted in full at the first level of review. (ECF No. 13, p. 2, ¶ II.)

13. In addition, Plaintiff produced a copy of Appeal CSPC-5-15-03990 with his required initial disclosures. (Samson Decl., ¶ 3, Ex. A, pp. 17-19.)

14. In Appeal CSPC-5-15-03990, Plaintiff stated that he had been harmed by the prison officials in his Facility SHU yard, 4A2R-10, as a result of not having any running hot or warm water in his cell or the shower for 55 days. (Samson Decl., ¶ 3, Ex. A, p. 17.)

15. Plaintiff requested that the hot water in his cell and shower area be turned on. (Samson Decl., ¶ 3, Ex. A, p. 17.)

16. CSP-Corcoran Chief Engineer I, Lemoine, and Associate Warden of Business Services, Jennings, responded to Plaintiff's appeal on July 27, 2015, and informed Plaintiff that his appeal was granted in full at the first level of review because the hot water issues had been repaired and hot water had been restored to the Level 4A housing units. (Samson Decl., ¶ 3, Ex. A, p. 19.)

**C.** **Defendants' Motion**

Defendants argue that Plaintiff did not exhaust his remedies for all of the claims in his First Amended Complaint. Defendants assert that Plaintiff only filed one form 602 appeal concerning the events at issue in the FAC, appeal CSPC-5-15-03990, and the appeal only addressed Plaintiff's claim that he did not have hot/warm water in his cell or shower. Defendants assert that the appeal did not address Plaintiff's other claims concerning lack of cold water, the presence of raw sewage, or lack of cleaning supplies. Defendants also argue that Plaintiff only identified defendants Llamas and Leon, the Facility A Captain and Sergeant, in the appeal,

because he stated in the appeal that he had only "been harmed by the prison officials in this Facility SHU-Yard 4A2TR-10." (ECF 29-4 at 18.).[6]  In support of these arguments, Defendants cite Plaintiff's allegations in the FAC (ECF No. 13), and Plaintiff's Initial Disclosures (ECF No. 29-4, Exh. A to Sampson Decl.), which include a copy of Plaintiff's appeal CSPC-5-15-03990 (ECF No. 29-4 at 18-20.)

In appeal CSPC-5-15-03990, submitted on July 12, 2015, Plaintiff explained his issue:

> I have been harmed by the prison officials in this Facility SHU-Yard 4A2R-10 due to the torturous indifference of not having any running hot or warm water in-cell or the shower in over 55 days now is unsanitary and unreasonable.

Plaintiff requested as action:

> Due to my Form 22's being given the run-around and disregarded I'll ask again to please turn on the running hot water in cell 10 and the shower area to clean myself and my cell.  I also plan to file a tort.

(Id. at 18.)

On July 27, 2015, the prison responded to appeal CSPC-5-15-03990 at the First Level of review:

> **Appeal Issue**:  You contend that you have not had any running hot water in 4A2R cell 10 of the shower in over 55 days.
>
> **Action Requested**:  You requested the hot water be turned on in cell 10 and shower area.
>
> **Appeal Response**:  Your appeal, the attachments, and the California Code of Regulations (CCR) Title 15 have been reviewed.  On or about May 18, 2015, the Institutional hot water system suffered a significant failure on the lines feeding Level 4A yard.  Those lines were isolated to prevent the loss of over 4,000 gallons of potable water every hour.  The State of California is in the fourth year of a severe drought and due to the loss of a significant amount of water, the lines were isolated until such time repairs can be completed.  The isolation valves have been installed and the hot water restored to Level 4A housing units.

///

---

[6] All page numbers cited herein are assigned by the court's CM/ECF system and not based on the parties' pagination of their briefing materials.

**Decision**:  Based on the above information, your appeal is GRANTED at the First Level of review.

(Id. at 20.)

In sum, Defendants argue that Plaintiff only exhausted his administrative remedies for his claim against defendants Llamas and Leon for lack of hot/warm water in his cell and shower area.

**D.    Defendants' Burden**

The court finds that Defendants have carried their initial burden to prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Therefore, the burden shifts to Plaintiff to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

**E.    Plaintiff's Opposition**

Plaintiff claims that when he submitted his CDCR appeal CSPC-5-15-03990, he included a 602-A continuation page that was attached to the appeal, but when the appeal was returned to him, the attached page was missing.  Plaintiff claims that the continuation page addressed all of the issues in the FAC, including the denial of hot water and drinking water, the non-functioning plumbing, the sewage overflow, and the lack of cleaning supplies.  Plaintiff alleges that Defendants removed the 602-A continuation page from the grievance under a state-wide policy of mishandling inmate appeals to defeat administrative exhaustion, to prevent resolution of Plaintiff's complaints about drinking water, sewage, plumbing, and sanitation supplies.  Plaintiff argues that this action by Defendants rendered the administrative remedies unavailable to Plaintiff.

As evidence, Plaintiff cites his allegations in the FAC (ECF No. 16); his own declaration of June 4, 2017 (ECF No. 54 at 76-77); declarations of other inmates Matthew M. Dennis (ECF No. 29-4 at 10), Ernesto Munoz, Jr. (ECF No. 54 at 46), Carlos Montelongo, (Id. at 47), Clarence E. Reese (Id. at 45, 70), Gilfredo Barocio Magana (Id. at 71), and Kavin M. Rhodes (Id. at 73-74); Plaintiff's prison medical records (Id. at 49-68); Plaintiff's declaration of July 17, 2015 (ECF No.

///

///

29-4 at 2-8); form 22 requests for interview (ECF No. 54 at 37-43), and appeal CSPC-5-15-03990 (Id. at 35; ECF No. 29-4 at 18-20 ).[7]

Plaintiff argues that he was not required to submit his appeal CSPC-5-15-03990 to the second or third levels of review to exhaust his remedies, because the appeal was granted at the first level of review.  Plaintiff also argues that he was not required to name all of the defendants in the appeal to exhaust his remedies against them, because Defendants did not adhere to or require Plaintiff to comply with the sometimes-implemented rule that all persons the claimant intends to sue must be named.

Plaintiff states in his declaration dated June 4, 2017:

> On or about July 12, 2015, upon my initial submission of Appeal CSPS 5-15-03990, attached to that Appeal was a 602-A continuation attachment page, upon which, I made known my claims concerning drinking water, raw sewage, and cleaning supplies.  Upon my receiving that Appeal back from the Appeals Coordinator, the 602-A page had been removed.  Subsequently, I learned that that was a ruse by the Appeal's reviewer, to prevent having to make a response to those claims, and thus, to also prevent exhaustion of administrative remedies.

(ECF No. 54 at 76-77.)

Further, Plaintiff claims that his form 22 requests for interview, included in his Initial Disclosures, are part of his administrative grievances, to wit:

**6/28/2015 Form 22 Request for Interview, addressed to P. Llamas**:

> Since May 18th 2015 over 40 days the physical conditions of this security housing unit and isolated confinement is in violation of the U.S. Constitution. Corcoran SHU has intentionally and purposely deprived me of warm and/or hot water for 40 days which is unreasonable and constitutes an infringement of civil rights of a prisoner(s) in violation of the 8th Amendment to cruel and unusual punishment.  We can only shower 3 times a week and it's cold water only, that's torture!  Hot water is a necessity to help clean one's self and the cell. Without it, it creates unhygienic conditions that has [*sic*] caused my skin break out badly.  Your [*sic*] liable civilly for this tort.  This is my second request, the first went unanswered.

---

[7] Plaintiff's medical records, Plaintiff's declaration of July 17, 2015, and the declarations of inmates Matthew M. Dennis, Ernesto Munoz, Jr., Carlos Montelongo, Clarence E. Reese, Gilfredo Barocio Magana, and Kavin M. Rhodes relate only to the merits of Plaintiff's claims under the Eighth Amendment in this case and therefore are not relevant to the issue in Defendants' motion for summary judgment, whether Plaintiff exhausted his administrative remedies before filing suit as required by the PLRA, 42 U.S.C. § 1997e(a).

**Staff response dated 6/29/15**:

> This is a maintenance issue that cannot be corrected at my level.  You may forward your concerns to that department.  I am being told it may be a couple more weeks before the hot water is restored.

(Id. at 35.)

**2/16/16 Form 22 Request for Interview, addressed to Sgt. Leon or Cpt. Llamas or D. Davy**:

> This is an ongoing health risk & accumulation of issues, conditions w 4A-2R still alive & present as mentioned months ago.  The bottom tier has not been afforded an opportunity to exercise my right to recreational yard since 2/7/16 over 95 hours of not being able to move around staying stagnate & inactive created a serious physical health problem with me.  It's common knowledge & it results to pulmonary disease & heart disease according to CDC & NEH & most scientific health experts & studies couples with the facts the entire A Section still has not been thoroughly disinfected & cleaned since 5/15 properly with bleach & the constant overflow of urine/feces & body waste in A Section in front of cell 10.

(Id. at 37.)

**3/9/16 Form 22 Request for Interview, addressed to Facility A Capt. Llamas**

> As mentioned before in a prior CDCR 22 form dated 2-16-16 & signed by C/O Aldama in regards to the continued unsanitary living conditions nothing noted has changed positively.  Again on 3-4-16 the hot water went completely out with no notice & did not come back on until 5-9-16.  Not only does this cause continued health conditions to worsen, my stress level is up.  The lack of housing units hot water hinders me from eating my breakfast, Kosher meals which has to be cooked with hot water.  Nor did Sgt. Leon or any other prison official respond to my last CDCR 22 form.

(Id. at 39.)

**5/10/16 Form 22 Request for Interview, addressed to Sgt. Leon (4A2R)**

> This acts as a reminder and further notice to you then previously given verbally.  The hot/drinkable water.  Today is Tuesday night 5/10/16 over 6 days and more than 24 hours still after you became aware of this ongoing issue.  Please have the hot/drinkable water restored ASAP for basic necessary living in-cell.

(Id. at 41.)

///

///

14

**F.      Defendants' Objections to Plaintiff's Evidence**

On June 15, 2017, Defendants lodged objections to Plaintiff's evidence on hearsay grounds, for lack of foundation, as irrelevant, for failure to create a triable issue of fact, for lack of authentication, as inadmissible character evidence, and as excluded under F.R.E. 401.  (ECF No. 55-1.)  The court notes Defendants' objections.  If the court refers to any of Plaintiff's evidence in this order without addressing the objections, by implication the objections to that evidence are overruled.

**G.      Discussion**

Defendants reply that Plaintiff's argument that he was excused from exhaustion because his appeal was granted at the first level is misplaced.  Because Plaintiff still sought administrative remedies concerning lack of cleaning supplies, he was required to exhaust his appeal through the third level of review.   Defendants also argue that Plaintiff's assertion that a 602-A continuation page to his appeal, containing the remaining allegations that Plaintiff did not exhaust, was removed from the appeal, does not negate his failure to exhaust.  Defendants also argue that their motion for summary judgment should be granted because Plaintiff's opposition fails to comply with Local Rule 260(b) which required him to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  L.R. 260(a).

Even drawing all reasonable inferences in the light most favorable to Plaintiff, the court must concur that Plaintiff failed to exhaust all of his remedies before filing suit, because he had administrative remedies still available to him before filing suit, and he did not complete the appeals process for all of his claims in the FAC.  Plaintiff alleges in the FAC that (1) he was deprived of hot water in his cell and the showers, (2) he was deprived of cold drinking water, (3) every time other inmates flushed their toilets, human bodily waste would back up into Plaintiff's toilet causing it to overflow, and (4) he was deprived of cleaning supplies.  (See FAC, ECF No. 13.)  Plaintiff declares that on or about July 12, 2015, he submitted appeal CSPC-5-15-03990 to

1  prison authorities addressing all four of these issues.  (ECF No. 54 at 76.)  Plaintiff claims that

2  when he received the appeal back from the first level of review, his attached 602-A continuation

3  page, which addressed the issues about cold water, overflowing toilets, and cleaning supplies, had

4  been removed from the appeal, and those issues were not responded to by the appeals coordinator.

5  Although Plaintiff's appeal was granted at the first level of review as to the hot water issue,

6  Plaintiff still had remedies available to him for the other issues.  Plaintiff, however, did not contest

7  the fact that all of his complaints had not been addressed, or submit the appeal to the second and

8  third levels of review before filing suit on September 17, 2015.  Thus, Plaintiff only completed the

9  appeals process for his claim concerning deprivation of hot water in his cell and the showers.[8]

10 Plaintiff asserts that he subsequently learned that the removal of his attached 602-A continuation

11 page "was a ruse by the Appeal's reviewer, to prevent having to make a response to those claims,

12 and thus, to also prevent exhaustion of administrative remedies."  (Pltf's Decl., ECF No. 54 ¶5.)

13 This bare assertion, without any supporting facts, is not sufficient to show that further

14 administrative remedies were not available to Plaintiff before he filed suit.

15 Defendants argue that Plaintiff did not exhaust his remedies as to defendants Vasquez and

16 Pavich because he did not name them in the appeal or otherwise indicate they were responsible for

17 Plaintiff's lack of hot water.  Plaintiff's appeal CSPC-5-15-03990 does not identify any of the

18 Defendants by name.  However, Defendants argue that Plaintiff sufficiently identified defendants

19 Captain Llamas and Sgt. Leon, who both work in Facility A, by Plaintiff's statement in the appeal,

20 "I have been harmed by the prison officials in this Facility SHU-Yard 4A2R-10 due to the

21 torturous indifference of not having any running hot or warm water in-cell or the shower in over

22 55 days now."  (ECF No. 29-4 at 18.)  The court concurs that Plaintiff sufficiently identified

23 defendants Llamas and Leon in the appeal.  However, the court also finds that there is a "sufficient

24 connection" between the hot water claim in the appeal and defendants Vasquez and Pavich such

25 that prison officials can be said to have had "notice of the alleged deprivation" and an

26 "opportunity to resolve it." Reyes, 810 F.3d at 959.  While Plaintiff did not name Vasquez or

27

28 [8] A prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." Brown, 422 F.3d at 936.

Pavich in the appeal, he alleges in the FAC that he personally notified these defendants about the hot water issue and that they "had the authority to 'Red Line' my cell (i.e., 'declare it unsafe for occupancy') until the hot water was restored." (ECF No. 13 at 10-11 ¶18.) Therefore, the court finds that Plaintiff's appeal exhausted his remedies for the hot water issue as to all four of the Defendants.

Plaintiff's argument that his form 22 requests for interview are part of his administrative grievances is unpersuasive. "The California prison system's requirements 'define the boundaries of proper exhaustion,'" Marella, 568 F.3d at 1027, and form 22 requests for interview are not included as part of the CDCR's appeals process, Cal. Code Regs. tit. 15, § 3084, *et seq*. California prisoners are required to use and submit a CDCR Form 602, Inmate/Parolee Appeal, to initiate the appeals process. Id. at § 3084.2(a). Further, the form 22 requests for interview submitted by Plaintiff on February 16, 2016, March 9, 2016, and May 10, 2016, were submitted *after* Plaintiff filed this case on September 19, 2015, and therefore could not have exhausted Plaintiff's remedies *before* he filed suit. Accordingly, none of Plaintiff's form 22 requests for interview are evidence of exhaustion of Plaintiff's administrative remedies. See Woodford, 548 U.S. at 91, 93 (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules"); Wilson v. Wann, 2008 WL 4166886, *2 (E.D.Cal. Sept.8, 2008) (letters to Internal Affairs and warden were insufficient to show exhaustion; see also Lees v. Felker, 2009 WL 2824862, *5 (E.D.Cal. Sept.1, 2009) (letter to warden is not an alternative method to the inmate grievance process for exhausting administrative remedies).

## IV.    RECOMMENDATIONS AND CONCLUSION

The court finds, based on the record before it, that Plaintiff exhausted his available administrative remedies for his claim against defendants Pavich, Vasquez, Leon, and Llamas concerning deprivation of hot water, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). However, the court finds that Plaintiff did not exhaust his available administrative remedies for his claims concerning lack of cold water, Plaintiff's toilet backing up and overflowing, or lack of cleaning supplies. Therefore, Defendants' motion for summary judgment, filed on September 30, 2016, should be granted in part and denied in part, and the case should

proceed only on Plaintiff's claim concerning deprivation of hot water, against defendants Pavich, Vasquez, Leon, and Llamas, and related negligence claims.  Plaintiff's remaining claims should be dismissed without prejudice.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, filed on September 30, 2016, be granted in part and denied in part;

2. Defendants' motion for summary judgment be granted as to Plaintiff's claims concerning lack of cold water, Plaintiff's toilet backing up and overflowing, and lack of cleaning supplies, and related negligence claims;

3. Defendants' motion for summary judgment be denied as to Plaintiff's claims against defendants Pavich, Vasquez, Leon, and Llamas concerning deprivation of hot water in his cell and shower, and related negligence claims;

4. This case proceed only on Plaintiff's claim concerning deprivation of hot water, against defendants Pavich, Vasquez, Leon, and Llamas, and related negligence claims;

5. All remaining claims be dismissed without prejudice for failure to exhaust administrative remedies; and

6. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within

///

///

///

18

the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2017**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE