UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN T. DOSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFREY A. BEARD, et al.,<br><br>    Defendants. | 1:15-cv-01415-DAD-GSA-PC<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 57.)**<br><br><u>**New Dispositive Motions Deadline**</u>**:**<br>**November 30, 2017** |

## I. BACKGROUND

Damian T. Doster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on March 25, 2016, against defendants, Chief Deputy Warden F. Vasquez, Yard Captain P. Llamas, Sgt. Sarah Leon, and Maintenance Engineer Ric Pavich (collectively, "Defendants"), on Plaintiff's claims for adverse conditions of confinement under the Eighth Amendment and related negligence claims. (ECF No. 13.)

On July 31, 2017, Defendants filed a motion to modify the scheduling order to extend the deadline for filing dispositive motions. (ECF No. 57.) Plaintiff has not filed an opposition.

## II. MODIFICATION OF SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations</u>,

1

Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a four-month extension of the deadline for filing dispositive motions in an effort to allow the court to issue a final ruling on the pending summary judgment motion and, to permit Defendants adequate time to prepare a merits based motion for summary judgment. The current deadline for filing dispositive motions is July 31, 2017, which has expired. (ECF No. 50.) Defendants have provided evidence that even with the exercise of due diligence, they could not and cannot meet the current July 31, 2017, deadline. Therefore, the court finds good cause to grant Defendants' motion, extending the dispositive motions deadline until November 30, 2017, for all parties to this action.

### III. CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the discovery and scheduling order, filed on July 31, 2017, is GRANTED; and
2. The deadline for filing dispositive motions is extended from **July 31, 2017** to **November 30, 2017**, for all parties to this action.

IT IS SO ORDERED.

Dated: **August 31, 2017**        /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE