UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN T. DOSTER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY A. BEARD, et al.,<br><br>　　　　　Defendants. | 1:15-cv-01415-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT LEON'S MOTION TO DISMISS BE DENIED, AND MOTION TO COMPEL BE GRANTED**<br>**(ECF No. 58.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I.　BACKGROUND

Damien T. Doster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on March 25, 2016, against defendants Chief Deputy Warden F. Vasquez, Yard Captain P. Llamas, Sgt. Sarah Leon, and Maintenance Engineer Ric Pavich, on Plaintiff's claim for deprivation of hot water in violation of the Eighth Amendment, and related negligence claims.[1]

---

[1] On March 29, 2016, the court found that Plaintiff's First Amended Complaint stated Eighth Amendment claims for adverse conditions of confinement against defendants Vasquez, Llamas, Leon, and Pavich, but no other claims. (ECF No. 14.) On September 26, 2017, the court dismissed all of Plaintiff's claims except for the claim that he was deprived of hot water in violation of the Eighth Amendment. (ECF No. 60.) Therefore, this case now proceeds with the First Amended Complaint against defendants Vasquez, Llamas, Leon, and Pavich, only on Plaintiff's claim that he was deprived of hot water.

On July 5, 2016, the court issued a discovery and scheduling order establishing a deadline of December 2, 2016, for the parties to conduct discovery, including the filing of motions to compel. (ECF No. 19.) The discovery deadline has not been extended.

On January 4, 2017, Defendant Leon ("Defendant") filed a motion to compel further discovery responses, which the court deemed timely. (ECF Nos. 42, 50.) In the motion, Defendant argued that while Plaintiff had provided some responses to discovery requests, the responses were incomplete and evasive, and Plaintiff did not verify his responses under oath. Plaintiff did not file a response to the motion to compel. On April 13, 2017, the court granted the motion in part and ordered Plaintiff to provide further responses to Defendant Leon's Interrogatories numbers 4, 7, 8, 9, 10, 14, 16, 20, 21, and 22; Requests for Production of Documents numbers 7, 8, 9, 12, 13, 15, 16, and 17; and Requests for Admissions numbers 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 56, 66, and 67. (ECF No. 50.)

On July 13, 2017, Defendant filed a motion to dismiss this case for Plaintiff's failure to comply with the court's April 13, 2017, discovery order, or in the alternative, to compel further discovery responses from Plaintiff. (ECF No. 58.) On October 23, 2017, Plaintiff filed an opposition to the motion. (ECF No. 62.) On October 30, 2017, Defendant filed a reply to the opposition. (ECF No. 63.)

## II. SUMMARY OF ALLEGATIONS AND CLAIMS AT ISSUE IN THIS CASE[2]

### A. <u>Allegations</u>

The events at issue in this case arose at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Defendants Vasquez, Llamas, Leon, and Pavich were employees of the CDCR at CSP during the relevant time. Plaintiff's allegations follow.

On May 18, 2015, the hot water was turned off to the housing unit and in Plaintiff's solitary cell. On June 3, 2015, defendants Vasquez and Leon were informed that Plaintiff's cell had no hot or warm water. Defendants Vasquez and Leon told Plaintiff the hot water would be

---

[2] This summary reflects only Plaintiff's claims that he was deprived of hot water.

back in a week or a few days, and to quit crying and complaining. This went on for months while Plaintiff's requests for interviews went unanswered.

On June 6, 2015, Plaintiff sent a CDCR-22 form request for interview to defendant Llamas, informing Llamas of the adverse conditions. Defendant Llamas responded that it was a maintenance issue and could not be corrected at her level.

On July 1, 2015, Plaintiff submitted a CDCR-22 form request for interview to defendant Pavich, informing Pavich of the adverse conditions which arose on May 18, 2015. On July 15, 2015, defendant Pavich responded that he was working on the hot water loop, and the hot water would be running by July 30, 2015.

Defendants Vasquez, Llamas, Leon, and Pavich all had authority to declare Plaintiff's cell unsafe for occupancy until the hot water was restored, but they did not do so. Plaintiff suffered physical injuries, mental and emotional pain and suffering, humiliation, and fear.

Plaintiff requests monetary damages and declaratory relief.

**B.** **Claims**

This case now proceeds against defendants Vasquez, Llamas, Leon, and Pavich, on Plaintiff's Eighth Amendment claims that he was deprived of hot water, and related state law negligence claims.

**III.  SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER**

Federal Rule of Civil Procedure 37(b)(2) provides, in part:

(A)  *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery, . . the court where the action is pending may issue further just orders. They may include the following:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

3

| | | | |
|---|---|---|---|
| 1 | | (iv) | staying further proceedings until the order is obeyed; |
| 2 | | (v) | dismissing the action or proceeding in whole or in part; |
| 3 | | (vi) | rendering a default judgment against the disobedient party; or |
| 4 | | (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

....

    (C)    *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

Only two conditions are required to put into consideration the array of sanctions specified in Rule 37(b): (1) a prior order and (2) a violation of the order. Hullinger v. Anand, No. CV157185SJOFFMX, 2016 WL 7444620, at *7 (C.D. Cal. Aug. 19, 2016), review denied, case remanded, No. CV1507185SJOFFMX, 2016 WL 7444623 (C.D. Cal. Oct. 12, 2016). A failure by a party to comply with a court order is sanctionable under this rule, regardless of the reasons. Id.; see Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 208, 78 S. Ct. 1087, 1094, 2 L.Ed. 2d 1255 (1958) ("Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply."); see also David v. Hooker, Ltd., 560 F.2d 412, 420 (9th Cir. 1977) ("[I]n view of the possibility of light sanctions, even a negligent failure [to obey an order] should come within [Rule 37].").

"[E]xcept for the sanction of dismissal, an imposition of sanctions under Rule 37(b)(2) does not require willfulness, fault, or bad faith. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The Court has wide discretion to select an appropriate sanction, but the sanction should be targeted to address the misconduct or prejudice resulting

from the misconduct. Hullinger, 2016 WL 7444620, at *8. With respect to monetary sanctions, once a violation is demonstrated, the disobedient party bears the burden of showing that the failure was justified or that special circumstances make an award of expenses unjust. Id., citing Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012).

"The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id., quoting Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## IV. DEFENDANT LEON'S MOTION TO DISMISS OR COMPEL

Defendant Leon requests dismissal of this case for Plaintiff's failure to comply with the court's discovery order issued on April 13, 2017, or in the alternative, that Plaintiff be required to make supplemental responses to discovery request. The court's order required, in part, that Plaintiff provide Defendant with supplemental responses to interrogatories numbers 4, 7, 8, 9, 10, 14, 16, 20, 21, and 22, within thirty days. (ECF No. 50.) Defendant asserts that on or about June 29, 2017, Plaintiff sent supplemental responses, but the interrogatory responses were mostly identical to his previous inadequate responses. Defendant argues that sanctions should be imposed because Plaintiff did not make a good faith effort to comply with the court's order, despite Defendant providing Plaintiff multiple opportunities to do so. Defendant requests that her motion to compel or dismiss be deemed timely given the court's April 13, 2017, order and Plaintiff's failure to timely submit proper supplemental responses in compliance with the order.

In opposition, Plaintiff argues that "defendant's motion to compel amounts to unjustified harassment and an attempt to intimidate and/or take advantage of [Plaintiff's] litigation inexperience." (ECF No. 62 at 2:3-5.) Plaintiff asserts that soon after Defendant advised him that he had a duty to supplement his discovery responses, he supplemented them. On June 16, 2017, Defendant sent him a letter reminding him of his duty, and on June 29, 2017,

he supplemented his responses. (Doster Decl., ECF No. 62 at 71 ¶4.) Plaintiff argues that his actions in failing to address all of the interrogatories were harmless because the court dismissed most of his claims, which resulted in most of Defendant's interrogatories being irrelevant. Plaintiff then proceeds, in his opposition, to respond again to Defendant's interrogatories numbers 7, 8, 10, 14, and 20. (ECF No. 62 at 2:18-4:6.)

**Discussion**

The court finds Defendant Leon's motion to dismiss or compel, filed on July 31, 2017, to be timely, due to the fact that the same discovery issues have been pending since Defendant filed her first motion to compel on January 4, 2017. (ECF No. 50).

The court finds that Plaintiff failed to fully comply with the court's April 13, 2017, order, including the thirty-day deadline to provide responses (ECF No. 50). However, the Ninth Circuit's five factors do not weigh in favor of dismissal of the case based on Plaintiff's failure to comply.

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since it was filed on September 17, 2015, and discovery issues remain pending since discovery was opened in July 2016. The court cannot continue to expend its scarce resources assisting a litigant who will not properly respond to court orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). Here, while the resolution of discovery has been delayed, the court finds no prejudice to Defendant that would warrant dismissal of this case. There is no evidence that Plaintiff acted in bad faith or with willful refusal to comply with the court's order. Plaintiff attempted to respond to Defendant's discovery requests three times, once initially, again in response to the court's order, and again in opposition to the present motion. The deficiencies in Plaintiff's responses appear to be a result of his inexperience in litigation. Plaintiff is a *pro se* prisoner who has not brought any prior lawsuits while in prison, (ECF No. 13 at 1), and he attests that he is a layman unskilled at

law, (ECF No 62 at 4:22). Plaintiff's explanation that he did not respond to some of Defendant's interrogatories because he thought they were irrelevant after the magistrate judge recommended the dismissal of some of Plaintiff's claims (ECF No. 56), is plausible. In fact, Defendant has not been prejudiced by Plaintiff's failure to respond to those interrogatories because on September 26, 2017, most of those interrogatories did become irrelevant when most of Plaintiff's claims were dismissed. (ECF No. 60). Therefore, the third factor weighs against dismissal.

Although the court finds monetary sanctions of little use given that Plaintiff is a prisoner proceeding in forma pauperis, other lesser sanctions are available. Defendant requests that if this case is not dismissed, Plaintiff be required to provide additional supplemental responses to Defendant's interrogatories. This solution would allow the litigation to move forward, benefitting all of the parties. Therefore, this factor weighs against dismissal.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

The court's order of April 13, 2017, required Plaintiff to provide Defendant with further responses to interrogatories numbers 4, 7, 8, 9, 10, 14, 16, 20, 21, and 22. Only three of the interrogatories -- numbers 10, 14, and 20 – are relevant to Plaintiff's hot water claim. The other interrogatories concern claims about drinking water, overflow of human waste, and lack of cleaning supplies, which have been dismissed from this case. The court now addresses each of the three relevant interrogatories.

///

**INTERROGATORY NO. 10:**

Describe any interactions you had with Defendant Leon concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 10:**

"Refers Defendant to Defendant's response to RFA No 7.(6): Defendant admits he spoke to me after I filed a CDCR 602, However, plaintiff has not had any interaction with the defendant beyond June 3, 2015 concerning the matter."

///

**DEFENDANT'S POSITION:**

Plaintiff has not responded to the interrogatory.

**COURT'S APRIL 13, 2017, RULING:**

Plaintiff's response does not describe all of the interactions between Defendant Leon and Plaintiff concerning plumbing issues, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). [Plaintiff] is ordered to make a further response to this interrogatory, discussing all such interactions.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

"Plaintiff spoke with defendant Leon numerous times about the plumbing, while being escorted to and from the yard between May 2015, and July 2015."

**FURTHER RESPONSE (ECF No. 62) TO INTERROGATORY NO. 10:**

Again, on 7/24/17, the Court concluded in defendants [sic] motion for summary judgment pertaining to plaintiff's claims about plumbing issues be dismissed, was granted in part and denied in part, and that the case proceed only on plaintiff's claims concerning the depravation of "HOT WATER" (see ECF No. 29 page 18).

**DEFENDANT'S POSITION:**

Plaintiff has not responded to the interrogatory describe all of the interactions between Defendant Leon and Plaintiff concerning plumbing issues, as requested by the interrogatory. Instead, he now claims he does not have to answer the interrogatory any more. The hot water issue was a plumbing issue and therefore, Defendant Leon is still entitled to an adequate response.

**COURT'S RULING:**

This interrogatory concerns plumbing issues, which includes Plaintiff's claim for deprivation of hot water. Plaintiff's response does not describe all of the interactions between Defendant Leon and Plaintiff concerning plumbing issues (including hot water issues), as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Plaintiff should be ordered to make a further response to this interrogatory, discussing all such interactions. If Plaintiff does not

///

remember the interactions or cannot respond beyond what he has already answered, he should so state.

**INTERROGATORY NO. 14:**

Describe any interactions you had with Defendant Pavich concerning plumbing issues.

**RESPONSE TO INTERROGATORY NO. 14:**

"The interaction Plaintiff had with defendant Pavich concerning the plumbing issues were through work orders."

**DEFENDANT'S POSITION:**

Plaintiff's response is unclear and not responsive. Plaintiff has failed to describe what types of issues were discussed and on what occasions.

**COURT'S APRIL 13, 2017, RULING:**

Plaintiff has not described interactions, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Rather, Plaintiff has described the means of communication used by Plaintiff and Defendant Pavich. Plaintiff is ordered to make a further response, describing any interactions he had with Defendant Pavich concerning plumbing issues.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

"The interaction Plaintiff had with Defendant Pavich concerning plumbing were through work orders.

**FURTHER RESPONSE (ECF No. 62) TO INTERROGATORY NO. 14:**

During the time frame of these issue, plaintiff was in the security housing unit (SHU). The only interaction plaintiff had with defendant Pavich about the plumbing issues were through work orders and his response to them. Defendant Pavich [sic] office was not located in 4A-2R housing unit. Again, on 7/24/17, the Court concluded in defendants [sic] motion for summary judgment pertaining to plaintiff's claims about plumbing issues be dismissed, was granted in part and denied in part, and that the case proceed only on plaintiff's claims concerning depravation of "HOT WATER" (see ECF No. 29 page 18.)

///

///

**DEFENDANT'S POSITION:**

Plaintiff's response still fails to address the interrogatory as set forth in the Court's order. Plaintiff has not described the interactions, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Rather, Plaintiff has described the means of communication used by Plaintiff and Defendant Pavich. Additionally, Plaintiff now claims he does not have to answer the interrogatory any more. The hot water issue was a plumbing issue and therefore, Defendant Leon is still entitled to an adequate response.

**COURT'S RULING:**

This interrogatory concerns plumbing issues, which includes Plaintiff's claim for deprivation of hot water. Plaintiff has not described interactions, as requested by the interrogatory. Fed. R. Civ. P. 37(a)(4). Plaintiff should be ordered to make a further response, describing the interactions he had with Defendant Pavich concerning plumbing issues (including hot water issues). If Plaintiff does not remember the interactions or cannot respond beyond what he has already answered, he should so state.

///

**INTERROGATORY NO. 20:**

Identify all documents that support each injury you contend is related to the allegations raised in your Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

"Refers defendants to Plaintiff's medical file the months of May through September 2015. All medication proscribed and both affidavit statements of Mr. Gilfredo B. Magana, and Mr. Clarence E. Reese."

**DEFENDANT'S POSITION:**

Plaintiff's response is evasive and incomplete. Plaintiff must point to specific dates of treatment rather than his medical file, generally.

**COURT'S APRIL 13, 2017, RULING:**

Plaintiff must state with more specificity which documents are responsive to this interrogatory. As Plaintiff's medical file may be voluminous, Plaintiff must direct Defendants

to each specific document supporting his assertion that he sustained injuries, and where the documents can be found, so that Defendants can find the documents without a burdensome search. Plaintiff is advised to identify such documents by date. Upon request to prison officials, Plaintiff has access to his medical file. Plaintiff must search for documents that support each injury, as requested.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Defendants have equal access to plaintiff's medical file during the relevant period, the months of May through July 2015. All medication prescribed to plaintiff during the relevant time period, which plaintiff has already produced.

**FURTHER RESPONSE (ECF No. 62) TO INTERROGATORY NO. 20:**

See declaration of Damien Doster, at 10. Paragraph 10 states: I did not keep a record of the particular dates I saw and/or attempted to speak with Leon because I did not know the extent of (CSP) Corcoran hot water problem and simply thought it would be repaired in a day or so, not months later. (see exhibit pictures)

**DEFENDANT'S POSITION:**

Plaintiff has attempted to comply with this request by attaching the documents to his opposition. However, Plaintiff still has not stated with specificity the documents he relies on.

**COURT'S RULING:**

Plaintiff should not be required to provide any futher response to interrogatory number 20. The court has reviewed Plaintiff's declaration (ECF No. 62 at 71) and the documents attached to Plaintiff's opposition (Id. at 34-69). The court finds that Plaintiff has made a good faith effort to respond to interrogatory number 20 and should not be required to "state with specificity the documents he relies on."

**V.      CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Defendant Leon's motion to dismiss should be denied and Defendant Leon's motion to compel should be granted in part.

Accordingly **IT IS HEREBY RECOMMENDED** that:

1.      Defendant Leon's motion to dismiss, filed on July 31, 2017, be DENIED;

11

2. Defendant Leon's motion to compel, filed on July 31, 2017, be deemed timely filed;

3. Defendant Leon's motion to compel, filed on July 31, 2017, be GRANTED IN PART;

4. Plaintiff be required to serve Defendant Leon with further responses to Defendant Leon's interrogatories numbers 10 and 14, within thirty days;

5. Plaintiff be advised not to file his responses with the court. Local Rules 250.2, 250.3, 250.4; and

6. Plaintiff be required to date and sign his responses to the iInterrogatories, under penalty of perjury.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2018**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] The responses must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by Plaintiff, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)."